Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ALBERTHA STEED, JUVAL STEED,
and DANTUINE TURNER,

                              Plaintiffs,

    -against-

CITY OF NEW YORK, TONY LEON, JOHN FISHETTI,
JAMES SMITH, MICHAEL RUZZI, JONATHAN
HERNANDEZ, and JOHN and JANE DOES 1 through
10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                              Defendants.

-----------------------------------------------------------------------X

COMPLAINT

'07 CIV 9839

Jury Trial Demanded

NOV 0 8 2007
U.S.D.C., S.D. N.Y.
CASHIERS

      Plaintiffs ALBERTHA STEED, JUVAL STEED, and DANTUINE TURNER, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

      2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

1

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ALBERTHA STEED is a citizen of the United States, and at all relevant times a resident of Bronx County.

7. Plaintiff JUVAL STEED is a citizen of the United States, and at all relevant times a resident of Bronx County.

8. Plaintiff DANTUINE TURNER is a citizen of the United States, and at all relevant times a resident of Bronx County.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

11. That at all times hereinafter mentioned, the individually named defendants, TONY LEON, JOHN FISHETTI, JAMES SMITH, MICHAEL RUZZI, JONATHAN HERNANDEZ and JOHN and JANE DOES 1 Through 10, were duly sworn police officers of

2

said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

14. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

15. On August 9, 2006, plaintiffs ALBERTHA STEED and DANTUINE TURNER were lawfully present inside 1385 Washington Avenue, Apt. 6G, County of Bronx, State of New York.

16. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or any just cause illegally entered 1385 Washington Avenue, Apt. 6G, Bronx, County of Bronx, State of New York with force and physically attacked plaintiffs ALBERTHA STEED and DANTUINE TURNER thereby subjecting them to excessive force and causing plaintiffs substantial pain and injuries. During the assault, plaintiffs ALBERTHA STEED and DANTUINE TURNER were not free to leave and unlawfully imprisoned by defendants. All of the foregoing police misconduct was

committed while there were young children in the apartment.

17. Plaintiff JUVAL STEED had just arrived from the elevator in the hallway when he observed the ongoing police misconduct. Plaintiff JUVAL STEED tried to videotape the events on his phone when one of the defendants snatched the phone from his hand. Several of the defendants then brutally attacked and beat plaintiff JUVAL STEED, thereby severely injuring him.

18. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion arrested plaintiff JUVAL STEED and took him initially to the NYPD PSA7 facility. However, given the seriousness of plaintiff JUVAL STEED's injuries, plaintiff JUVAL STEED was taken by ambulance from PSA7 to Lincoln Hospital, where he remained for approximately four days.

19. The defendants referred criminal charges to the Bronx County District Attorney's office for criminal prosecution. Thereafter, plaintiff JUVAL STEED was prosecuted by the defendants for the collateral objective of covering up the defendants' misconduct.

20. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

21. As a result of the foregoing, plaintiffs ALBERTHA STEED, JUVAL STEED, and DANTUINE TURNER sustained, *inter alia*, physical injuries, emotional distress, embarrassment and humiliation, anxiety, mental anguish, deprivation of their liberty and constitutional rights, and violation of civil rights.

## **Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

28. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs' constitutional rights.

30. As a result of the aforementioned conduct of defendants, plaintiffs' constitutional right to be free from excessive force was violated and they sustained physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

31. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

33. The defendants failed to intervene to prevent the unlawful conduct described herein.

34. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause. Further, plaintiffs sustained severe and permanent physical injuries

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants issued criminal process against plaintiffs by causing them to be detained (ALBERTHA STEED, JUVAL STEED, and DANTUINE TURNER) and prosecuted (JUVAL STEED) for various violations of the Penal Law.

37. Defendants caused plaintiffs to be detained and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and thereby violated plaintiffs' right to be free from malicious abuse of process.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

38. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Dantuine Turner and Albertha Steed were unlawfully imprisoned in violation of their rights under Federal and State law.

40. As a result of the foregoing, plaintiffs were subjected to false arrest.

## AS AND FOR AN SIXTH CAUSE OF ACTION
### Supervisory Liability under 42 U.S.C. § 1983)

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Unlawful Entry under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The unlawful and forcible entry of plaintiffs' home by defendants was conducted in the absence of probable cause.

45. As a result of the aforementioned conduct of defendants, plaintiffs' Fourth

Amendment rights were violated and they suffered damages in an amount to be determined by a jury.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

46.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully entering citizens' homes, assaulting and battering innocent individuals, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

49.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

50.     The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

52. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs had their home entered into forcibly and unlawfully and, plaintiffs were unlawfully beaten, detained, incarcerated, prosecuted, and otherwise subjected to physical abuse.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

54. All of the foregoing acts by defendants, defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest and/or malicious abuse of process;

    C.    To receive equal protection under law; and

    D.    To be free from the use of excessive force and/or the failure to intervene.

55. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

58. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

59. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

60. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

61. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN NINTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

62. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants issued criminal process against plaintiffs by causing them to be arrested, arraigned and prosecuted in criminal court.

64. Defendants caused plaintiffs to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

65. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs and unlawful entry of plaintiffs' home.

67. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

68. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs and unlawful entry of plaintiffs' home.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

70. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A THIRTEENT CAUSE OF ACTION

(*Respondeat Superior* liability under the laws of the State of New York)

72. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

74. As a result of the foregoing, plaintiffs are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

75. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

77. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

78. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendants made offensive contact with plaintiffs without privilege or consent.

80. As a result of defendants' conduct, plaintiffs have suffered physical pain and

mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

81. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

83. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

84. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

85. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

86. As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Trespass to Chattels under the laws of the State of New York)

87. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants intentionally entered into plaintiffs' home without plaintiffs' consent and damaged, destroyed, stole and/or otherwise interfered with plaintiffs' right to their property thereby causing plaintiffs injuries.

13

89. As a result of the foregoing, plaintiffs are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION

(False Arrest under the laws of the State of New York)

90. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

91. Plaintiffs Albertha Steed and Dantuine Turner were deprived of their freedom of movement and otherwise arrested without probable cause.

92. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

93. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

94. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

95. As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, plaintiffs ALBERTHA STEED, JUVAL STEED, and DANTUINE TURNER demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 5, 2007

>LEVENTHAL & KLEIN, LLP
>45 Main Street, Suite 230
>Brooklyn, New York 11201
>(718) 722-4100
>
>By: _____
>BRETT H. KLEIN (BK4744)
>
>Attorneys for Plaintiffs ALBERTHA STEED, JUVAL STEED, and DANTUINE TURNER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALBERTHA STEED, JUVAL STEED,
and DANTUINE TURNER,

                                               Plaintiffs,

      -against-

CITY OF NEW YORK, TONY LEON, JOHN FISHETTI,
JAMES SMITH, MICHAEL RUZZI, JONATHAN
HERNANDEZ, and JOHN and JANE DOES 1 through
10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                               Defendants.

------------------------------------------------------------------X

**COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs Albertha Steed, Juval Steed, and Dantuine Turner
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100