UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

ALBERTHA STEED and DANTUINE TURNER,

                               Plaintiffs,

              -against-

CITY OF NEW YORK, TONY LEON, JOHN FISHETTI, JAMES SMITH, MICHAEL RUZZI, JONATHAN HERNANDEZ, LYNDA BATISTA, RICHARD BONARDI, "R." BREECE, and JOHN and JANE DOES 1-10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),
                               Defendants.

**ANSWER TO AMENDED COMPLAINT**

07 CV 9839 (RMB)

**Jury Trial Demanded**

---------------------------------------------------------------------X

        Defendants LYNDA BATISTA and RICHARD BONARDI,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiffs bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph 2 of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

        3.     Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiffs purport to base jurisdiction as stated therein.

        4.     Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiffs purport to lay venue as stated therein.

---

[1] The remaining defendants have previously filed their answer to the complaint.

5. The allegations set forth in paragraph 5 of the complaint comprise a demand for a jury trial and therefore no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8. Admit the allegations set forth in paragraph 8 of the complaint.

9. Deny the allegations set forth in paragraph 9 of the complaint, except admit that the City maintains the New York City Police Department ("NYPD") pursuant to applicable statutes, ordinances and regulations

10. Deny the allegations set forth in paragraph 10 of the complaint, except admit that TONY LEON, JOHN FISHETTI, JAMES SMITH, MICHAEL RUZZI, JONATHAN HERNANDEZ, LYNDA BATISTA and RICHARD BONARDI are employed by the City as police officers for the NYPD, and deny knowledge or information sufficient to form a belief as to the John Doe Officers.

11. The allegations set forth in paragraph 11 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required. To the extent that a response is required, defendants deny the allegations.

12. The allegations set forth in paragraph 12 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required. To the extent that a response is required, defendants deny the allegations.

13. The allegations set forth in paragraph 13 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required. To the extent that a response is required, defendants deny the allegations.

14. Deny the allegations set forth in paragraph 14 of the complaint.

15. Deny the allegations set forth in paragraph 15 of the complaint.

16. Deny the allegations set forth in paragraph 16 of the complaint.

17. Deny the allegations set forth in paragraph 17 of the complaint.

18. In response to the allegations set forth in paragraph 18 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

19. Deny the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. In response to the allegations set forth in paragraph 24 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. Deny the allegations set forth in paragraph 26 of the complaint.

27. In response to the allegations set forth in paragraph 27 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. Deny the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. In response to the allegations set forth in paragraph 31 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. In response to the allegations set forth in paragraph 34 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. In response to the allegations set forth in paragraph 36 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. In response to the allegations set forth in paragraph 39 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. Deny the allegations set forth in paragraph 42 of the complaint.

  43. Deny the allegations set forth in paragraph 43 of the complaint.

  44. Deny the allegations set forth in paragraph 44 of the complaint.

  45. Deny the allegations set forth in paragraph 45 of the complaint.

  46. Deny the allegations set forth in paragraph 47 of the complaint.

  47. Deny the allegations set forth in paragraph 47 of the complaint and all subparts thereto.

  48. Plaintiff has not included a paragraph number 48 in his complaint.

  49. Deny the allegations set forth in paragraph 49 of the complaint.

  50. In response to the allegations set forth in paragraph 50 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

  51. Deny the allegations set forth in paragraph 51 of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller of the City of New York.

  52. Deny the allegations set forth in paragraph 52 of the complaint, except admit that no monies have been paid to plaintiffs

  53. Deny the allegations set forth in paragraph 53 of the complaint, except admit that this complaint was filed on the date reflected in the clerk's records.

  54. Deny the allegations set forth in paragraph 54 of the complaint.

  55. The allegations set forth in paragraph 55 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required.

56. In response to the allegations set forth in paragraph 56 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

57. Deny the allegations set forth in paragraph 57 of the complaint.

58. Deny the allegations set forth in paragraph "58 of the complaint.

59. In response to the allegations set forth in paragraph 59 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

60. Deny the allegations set forth in paragraph 60 of the complaint.

61. In response to the allegations set forth in paragraph 61 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

62. Deny the allegations set forth in paragraph 62 of the complaint.

63. In response to the allegations set forth in paragraph 63 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

64. Deny the allegations set forth in paragraph 64 of the complaint.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. In response to the allegations set forth in paragraph 66 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

67. Deny the allegations set forth in paragraph 67 of the complaint.

68. Deny the allegations set forth in paragraph 68 of the complaint.

69. In response to the allegations set forth in paragraph 69 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

70. Deny the allegations set forth in paragraph 70 of the complaint.

71. Deny the allegations set forth in paragraph 71 of the complaint.

72. In response to the allegations set forth in paragraph 72 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

73. Deny the allegations set forth in paragraph 73 of the complaint.

74. Deny the allegations set forth in paragraph 74 of the complaint.

75. Deny the allegations set forth in paragraph 75 of the complaint.

76. Deny the allegations set forth in paragraph 76 of the complaint.

77. Deny the allegations set forth in paragraph 77 of the complaint.

78. In response to the allegations set forth in paragraph 78 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

79. Deny the allegations set forth in paragraph 79 of the complaint.

80. Deny the allegations set forth in paragraph 80 of the complaint.

81. Deny the allegations set forth in paragraph 81 of the complaint.

82. Deny the allegations set forth in paragraph 82 of the complaint.

83. Deny the allegations set forth in paragraph 83 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

84. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

85.     The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

86.     To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

87.     Punitive damages are not available against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

88.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, or from that of others, and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

89.     The entry into plaintiffs' home was justified by exigent circumstances.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

90.     There was probable cause for plaintiffs' arrest, prosecution and detention.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

91.     Plaintiffs provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

92. Any force used to arrest plaintiffs was necessary and reasonable under the circumstances.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

93. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

94. Plaintiffs have failed to comply with Section 50 of the Municipal Law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

95. This action is barred in whole or in part by the applicable limitations period.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

96. The individual defendants are entitled to qualified immunity.

**WHEREFORE**, defendants CITY OF NEW YORK, TONY LEON, JOHN FISHETTI, JAMES SMITH, MICHAEL RUZZI, JONATHAN HERNANDEZ, LYNDA BATISTA and RICHARD BONARDI request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 4, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                    City of New York
                    Attorney for Defendants
                    100 Church Street, Room 3-159
                    New York, New York 10007
                    (212) 788-8698

By: _____
Steve Stavridis

(By ECF)

TO: Brett H. Klein, Esq.
Attorney for Plaintiffs
45 Main Street
Brooklyn, New York  11201
(718) 722-4100

10